IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| DAVID ALLAN SAUNDERS,<br><br>Petitioner,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | ORDER DENYING PETITION FOR RELIEF UNDER 28 U.S.C. § 2241<br><br><br>Case No. 2:07-CV-00659 PGC |

Now before the court is David Allan Saunders's 28 U.S.C. § 2241 petition challenging the execution of his sentence [#1]. In his petition, Mr. Saunders alleges a violation of his Fifth Amendment rights because his pretrial supervised release/probation time was not credited towards his prison time, and asks the court to order the Federal Bureau of Prisons to adjust his "in custody" date accordingly. Finding that Mr. Saunders's pretrial time does not entitle him to the requested credit, however, the court hereby DENIES his petition.

18 U.S.C. § 3585 provides in relevant part that "[a] defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences . . . as a result of the offense for which the sentence was imposed."[1]

---

[1] 18 U.S.C. § 3585(b).

In *United States v. Woods*, the Tenth Circuit explained that "'official detention' means imprisonment in a place of confinement, not stipulations or conditions imposed upon a person not subject to full physical incarceration."[2]  Additionally, the Circuit noted that the "expansive definition of custody" for purposes of 28 U.S.C. § 2241 has no bearing on the definition of detention under 18 U.S.C. § 3585.[3]

Here, Mr. Saunders's pretrial supervised release/probation time did not constitute "full physical incarceration."  As a result, he fails to satisfy the "official detention" standard necessary to receive the credit he requests under 18 U.S.C. § 3585.

The court, therefore, DENIES his 28 U.S.C. § 2241 petition [#1].  The Clerk's Office is directed to close the case.

DATED this 13th day of September, 2007.

BY THE COURT:

*[signature]*

PAUL G. CASSELL
United States District Judge

---

[2] 888 F.2d 653, 655 (10th Cir. 1989).

[3] *Id.*